IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VALERIE ARROYO, )
)
    Plaintiff, )
)
v. )
) Case No. 1:24CV1075
PRETIUM PARTNERS, LLC, et al, )
)
    Defendants. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff submitted a pro se civil rights Complaint along with an Application seeking leave to proceed *in forma pauperis*. "The federal *in forma pauperis statute*, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis statute* provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i)

1

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] As part of this review, the Court may anticipate

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the

affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from defendants with immunity from such relief.

Plaintiff's Complaint asserts claims related to her eviction from her apartment and the dismissal of her state court lawsuit against her landlord, as well as the dismissal of her state court suits against the Cabarrus County Board of Commissioners and against the State of North Carolina and related entities. Plaintiff seeks "monetary relief in the amount of 10

---

United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

billion dollars," as well as title to the property and an injunction against the state court judges involved in her cases.

Notably, Plaintiff previously asserted similar claims against the same or similar defendants in Case Number 1:21CV219. In that case, the Court recommended dismissal of Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted, as well as for seeking monetary relief against defendants who are immune from such relief, and recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, and that such claims be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff objected, and the District Judge adopted the Recommendation and dismissed Plaintiff's claims. Plaintiff appealed, and the Fourth Circuit affirmed the dismissal of these claims. To the extent that Plaintiff again asserts the same claims, Plaintiff has presented no basis for reconsideration of that prior determination. To the extent that Plaintiff is attempting to assert new claims, or include different defendants, the same analysis would apply, as discussed below.

First, Plaintiff again names as Defendants several state court judges and clerks based purely on their judicial actions in the eviction proceeding and the dismissal of her claims against her landlord and the dismissal of her other related state court cases. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). "Similarly, court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." Hamilton v. Murray, 648 F. App'x 344, 344-45 (4th Cir. 2016); see also Pink v. Lester, 52 F.3d 73, 78 (4th Cir.1995). Therefore, Plaintiff cannot bring claims for monetary damages against these individuals.

4

In addition, it appears that Plaintiff is directly challenging the state court judgments, and that she is asking this Court to review and vacate the state court judgments. However, the Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). The Rooker-Feldman doctrine precludes lower federal courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). This doctrine is based on the principle that federal district courts do not have jurisdiction to review decisions of state courts. Id. at 291–92. The Supreme Court has clarified that the Rooker-Feldman doctrine applies in cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id. "In other words, the doctrine simply precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020) (citing Thana v. Bd. of License Comm'rs for Charles Cty., Maryland, 827 F.3d 314, 319-20 (4th Cir. 2016)). Thus, to the extent Plaintiff is seeking injunctive relief asking this Court to vacate the state court judgments, those claims would be outside this Court's jurisdiction.

5

Case 1:24-cv-01075-CCE-JEP    Document 6    Filed 01/14/25    Page 5 of 9

Similarly, to the extent Plaintiff seeks an injunction precluding certain state court judges from hearing her state cases, that request is outside this Court's jurisdiction.

The Complaint also contends that Cabarrus County officials "fail[ed] to allow Plaintiff to file any criminal complaint against her former landlord." It appears that Plaintiff is complaining that her landlord was not criminally prosecuted. However, Plaintiff has no judicially cognizable interest in the prosecution or non-prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). To the extent Plaintiff may be attempting to assert other claims against Cabarrus County officials, the basis for the claims is unclear, and Plaintiff has failed to set out any facts against a specific official acting under color of state law to support a claim for violation of her federal rights.

Plaintiff also names as Defendants the State of North Carolina and other state entities and employees. However, the state, and state officials sued for monetary relief in their official capacities, are not "persons" subject to suit under § 1983. Hafer v. Melo, 502 U.S. 21, 25 (1991) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) ); see also Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 329 (4th Cir. 2001) (citing Alden v. Maine, 527 U.S. 706, 727-28 (1999) ) ("The Supreme Court has recognized that the doctrine of sovereign immunity under the Eleventh Amendment extends beyond the literal text of the Eleventh Amendment to prevent a state from being sued by one of its own citizens without its consent."). Further, the basis for these claims is unclear, as Plaintiff has not set out the factual basis for any claim against a state official, and it appears that sovereign immunity, grounded in the Eleventh Amendment, would preclude this Court from considering these claims.

6

Case 1:24-cv-01075-CCE-JEP   Document 6   Filed 01/14/25   Page 6 of 9

Finally, the Court notes that the bulk of Plaintiff's claims are against private parties, including her landlord and associated companies and individuals and their attorneys. However, those individuals are not subject to suit under 42 U.S.C. § 1983 for alleged constitutional violations because there is no basis to conclude that they were acting under color of state law. "To state a claim under Section 1983, a plaintiff must show that the alleged constitutional deprivation at issue occurred because of action taken by the defendant under color of . . . state law.' The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Davison v. Randall, 912 F.3d 666, 679 (4th Cir. 2019) (internal citations and quotations omitted); see also Mentavlos v. Anderson, 249 F.3d 301 (4th Cir. 2001) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. . . . The state action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments." (citations and quotations omitted)). The fact that Plaintiff's landlord pursued a successful state eviction action against her does not mean that the landlord was a government actor subject to suit under § 1983. Plaintiff's claims against these private parties are state law claims that would need to be pursued in state court.

In this regard, the Court notes that Plaintiff seeks to assert various state law claims, but there is no basis for the exercise of federal jurisdiction over those claims. Plaintiff purports to include a claim for "Discrimination under 28 U.S.C. § 1654," but 28 U.S.C.

§ 1654 is simply the statute that allows individuals to bring cases personally or through counsel. It does not provide a basis for a federal claim. Ultimately, Plaintiff has not stated a basis for a federal claim, nor is there complete diversity. Therefore, she would need to bring any state law claims in state court, and then if she seeks to challenge the results in those cases she would need to appeal to the North Carolina Court of Appeals and the North Carolina Supreme Court, not to this Court.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be approved, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff also filed a "Motion to Remove Magistrate" contending that she did not consent to Magistrate Judge jurisdiction. However, the matter was referred to the undersigned for initial review and recommendation. Plaintiff will have the opportunity to file objections and for review by the District Judge as provided in Federal Rule of Civil Procedure 72. Therefore, the Motion will be denied.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remove Magistrate [Doc. #4] is denied.

IT IS RECOMMENDED that Plaintiffs' federal law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted, and for seeking monetary relief against defendants who are immune from such relief.

IT IS FURTHER RECOMMENDED that in light of the dismissal of the federal claims, the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and that such claims be dismissed without prejudice.

This, the 14th day of January, 2024.

                                                    Joi Elizabeth Peake
                                           United States Magistrate Judge