IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VALERIE ARROYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-1075 |
| | ) | |
| PRETIUM PARTNERS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND JUDGMENT

This matter is before the Court for review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). The United States Magistrate Judge has denied *in forma pauperis* status and recommended dismissing the complaint. Doc. 6. The plaintiff filed objections to the Recommendation, Doc. 8, along with a motion to amend the complaint and a motion for pro bono counsel. Docs 9, 10.

The plaintiff's objections are meritless. She cites no cases at all, much less cases or other law undermining the cases and statutes discussed by the Magistrate Judge. Most of her legal assertions are incorrect, frivolous, and violate Rule 11 of the Rules of Civil Procedure.

Upon *de novo* review, the Court agrees that the plaintiff's federal claims do not state a claim on which relief may be granted and seek monetary relief against defendants who are immune from such relief. The Court further finds that these claims are frivolous. The Court declines to exercise supplemental jurisdiction as to the plaintiff's state law claims. The Court hereby adopts the Magistrate Judge's Recommendation in full.

Since the entry of the Magistrate Judge's Recommendation, the plaintiff has filed a motion to amend the complaint, Doc. 10, and a "motion for pro bono counsel." Doc. 9. However, the plaintiff did not provide a proposed amended complaint with the motion, nor did she otherwise provide any specifics of the nature of an amended complaint as required under the Local Rules. *See* LR 15.1. Given the reasons that the original complaint is frivolous, any amended complaint against these same defendants is overwhelmingly likely to also be frivolous so that amendment would be futile. The motion will be denied. There is no constitutional right to counsel in civil cases like this one. As the plaintiff has failed to state a claim, there is no need for the Court or Clerk to waste time attempting to locate counsel willing to assist the plaintiff.

As the Magistrate Judge pointed out, this is the plaintiff's second attempt to file a lawsuit in this district against these defendants arising out of the same underlying facts. *See Arroyo v. Southwood Realty*, 21cv219. The plaintiff is warned that any further similar attempts will be evaluated to determine if she is abusing the judicial process. Courts have the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (holding that federal courts have "the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"). An appropriate sanction may constitute "outright dismissal of a lawsuit, . . . an assessment of attorney's fees," *Chambers*, 501 U.S. at 45, or varied lesser penalties. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992) (discussing sanctions in the context of Federal

Rule of Civil Procedure 11). The All Writs Act, 28 U.S.C. § 1651(a), also authorizes district courts to restrict access to federal courts by "vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see also Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998).

I**T IS THEREFORE ORDERED AND ADJUDGED that:**

1. This action is filed and dismissed with prejudice *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) as the plaintiff's federal claims fail to state a claim upon which relief may be granted and are frivolous.

2. The plaintiff's state law claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

3. The plaintiff's motion to amend the complaint, Doc. 10, is **DENIED**.

4. The plaintiff's motion for appointment of counsel, Doc. 9, is **DENIED**.

This the 18th day of February, 2025.

_____
UNITED STATES DISTRICT JUDGE